UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF LOUISIANA
Shreveport Division

| | |
|---|---|
| MICHAEL R FREE<br><br>VS<br><br>AETNA LIFE INSURANCE COMPANY | ORIGINAL COMPLAINT FOR EQUITABLE AND LEGAL RELIEF ARISING FROM BREACH OF AN INSURANCE CONTRACT AND FOR BREACH OF FIDUCIARY OBLIGATIONS IMPOSED BY ERISA |

## INTRODUCTION

1. This is an action by a participant in an employee welfare benefit plan against the plan administrator and the insurance company that acted as a de facto plan fiduciary and administrator, for declaratory judgment declaring Plaintiff to be entitled to disability insurance benefits, for an award in the amount of all past due benefits, for injunctive relief ordering the payment of future benefits for as long as Plaintiff remains disabled, for an equitable surcharge on such benefits for the losses sustained by Plaintiff because the benefits were withheld, for the removal of the plan administrator because of its violation of its fiduciary duties and its replacement by an unbiased administrator, free from any conflict of interest, for penalties for the failure and refusal to produce documents requested, for attorney's fees and for interest on all past due payments until paid.

2. Defendant terminated Plaintiff's long-term disability benefits, in direct contravention of the terms of the plan and the insurance policy and in violation of the Fiduciary duties imposed upon it by ERISA, claiming that Plaintiff was no longer disabled, despite the overwhelming in its administrative record that Plaintiff

was and continues to be disabled and despite the lack of any real evidence that he was not "disabled" as defined in the plan.

## PARTIES

3. Plaintiff, Michael R Free ("Mr. Free" or "Plaintiff"), is an adult individual who is a citizen of the State of Louisiana, residing in the Parish of Caddo.

4. Defendant, Aetna Life Insurance Company, ("Aetna" or "Defendant") is a foreign insurer authorized to do and doing business within this district, and may be served through the Louisiana Secretary of State.

## JURISDICTION

5. Jurisdiction is conferred on this Court by Sections 502(e) and (t), 502(a)(1)(A) and (B), and 502(a)(2) and (3) of ERISA, 29 U.S.C. §§1132(e) and (t), 132(a)(I)(A) and (B), and 1132(a)(2) and (3), and by 29 U.S.C. §1331(a) and 28 U.S.C. §2201.

## VENUE

6. Defendant Liberty is a large insurance company that regularly does business in and can be found within the Shreveport Division of the Western District of Louisiana.

7. ERISA provides for nationwide service of process, so the only question relevant to whether venue is proper in this district and division is whether Defendant has sufficient contacts with the United States. (See *Tuttle v. Cigna Group Ins.*, 10cv202 (S.D. Miss. Feb. 2, 2011), 2011 U.S. Dist. LEXIS 10559)

## BACKGROUND

8. At all times pertinent hereto, Plaintiff was employed full time by The Boeing Company.

9. Plaintiff worked as a as an integrated scheduling specialist that is classified as Light to

Medium work.

10. Mr. Free contracted several conditions that impair his abilities. They include

    1. Polyarthropathy
    2. Psoriatic arthritis
    3. Central disk protrusion at C3-4 and broad posterior disk protrusion at C5-6 with mild spinal stenosis
    4. Central disk protrusions at L4-5 and L5-S1 with mild spinal stenosis
    5. Mild residual bilateral carpal tunnel syndrome
    6. Moderate left carpal tunnel syndrome
    7. Severe right carpal tunnel syndrome with denervation

11. Due to these impairments, Mr. Free is unable to engage in any substantial gainful activity and is therefore totally disabled.

## THE CLAIM

12. At all times pertinent hereto The Boeing Company sponsored an employee welfare benefit plan for its eligible employees.

13. The plan provided that any participating employee who became totally disabled is eligible for and entitled to benefits for the duration of his/her disability, or normal retirement age.

14. Boeing funded its liability for disability benefits payments by purchasing a disability insurance policy from Defendant, Aetna Life Insurance Company. Therefore, Aetna stands in the shoes of the plan and has obligated itself to pay all liabilities of the plan caused by disabilities of eligible employees.

15. Aetna's policy defined total disability as:

    You become disabled as. a result of accidental injury, illness, or a pregnancy-related condition and your accidental injury, illness, or pregnancy prevents you from performing the material duties of your own occupation (or other work the Company makes available) during the 26-week elimination period and first 24 months of benefits. After 24 months of benefits, you must be unable to work at any reasonable occupation for which you may be fitted by training, education, or experience. (This period may exceed 24 months of benefits if interrupted by temporary or intermittent returns to work.)

    • You continue under the care of a physician throughout your disability. You also may be required to be examined by a physician chosen by the service representative as often as

reasonably necessary to verify your disability.

All determinations of disability are made by the service representative within the terms of its contract with the Company.

16. At all times pertinent hereto, Plaintiff was a participant in The Boeing Company's Employee Welfare Benefit Plan

17. Plaintiff filed a claim for disability benefits shortly after the onset date of his disability, December 15, 2015

18. Aetna paid short term disability benefits for the 26 week limit of its liability.

19. Aetna paid long term disability benefits to Plaintiff for 24 months following the exhaustion of his short term disability benefits.

20. On June 8, 2018, Aetna notified Mr. Free that the definition of disability had changed from an inability to perform all the material duties of his own occupation to an inability to work in any reasonable occupation, and that he did not meet the new definition of disabled.

21. Mr. Free appealed the decision without an attorney, and was notified on August 22, 2018, that his appeal had been denied.

22. In addition to the provisions of the policy, Louisiana law provides that a definition of total disability in a disability insurance policy shall not be more restrictive than one requiring the individual to be totally disabled from engaging in any employment or occupation for which he is, or becomes, qualified by reason of education, training, or experience and which provides him with substantially the same earning capacity as his former earning capacity prior to the start of the disability.

23. Mr. Free obtained counsel who arranged for him to be evaluated by a qualified independent vocational rehabilitation counselor.

24. Counsel also wrote to Defendant asking it to hold the record open so that Mr. Free could

submit additional evidence of his disability. The letter cited 5th Circuit authority allowing into evidence any pertinent documents submitted to the administrator of an ERISA plan that is submitted at a time that gives the Administrator a sufficient amount of time to consider it prior to filing suit. (See *Vega v. National Life Ins. Serv, Inc.* 188 F.3d 287 (5th Cir. 1999); *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516 (5th Cir. 2000); and *Abate v. The Hartford*, 471 F. Supp. 2d 724 (E.D. Tex. 2006))

25. Defendant outright refused to hold the record open and stated that it would not consider any additional evidence.

26. On April 10, 2019, Plaintiff received the report of the vocational rehabilitation counselor, a copy of which is attached as exhibit 2 to this complaint.

## FIRST CAUSE OF ACTION
[Demand for Remand with Order to Defendant to Consider the Vocational Report]

27. Defendant violated its fiduciary duty to Plaintiff by refusing to consider any additional evidence after its denial of Mr. Free's appeal.

28. Plaintiff therefore suggests that it is appropriate to remand this case to Defendant with instructions to consider the attached vocational report and render a new decisions.

29. Plaintiff further suggests that it is appropriate to retain jurisdiction of this case while it on remand.

## SECOND CAUSE OF ACTION
[Claim for Payment of Past Due Disability Benefits, Interest, and Attorney's fees and for Declaration of Right to Future Disability Benefits]

30. Alternatively, An actual controversy exists between Plaintiff and Defendants arising out of the events alleged herein above. Specifically, Defendants have no legal basis for terminating Plaintiff's benefits.

31. By signing the written contract of disability insurance, Defendants agreed to provide Plaintiff with

certain disability insurance benefits in accordance with the terms and conditions set forth.

32. To date, Defendants have failed and refused to pay Plaintiff the benefits to which he is rightfully entitled from June 5, 2018, to the present.

33. Plaintiff has satisfied all conditions precedent under the plan and policy and is thus eligible to receive benefits; he has not waived or otherwise relinquished his entitlement to benefits.

34. Denial of benefits to Plaintiff was contrary to and in breach of the terms of the plan and the policy and in contravention of the duties imposed upon Defendants by ERISA.

35. Plaintiff seeks a judicial declaration that he is disabled within the meaning of the policy, declaring him to be entitled to continued disability insurance benefits from June 5, 2018, for as long as his disability prevents him from engaging in any gainful employment, and for reimbursement and compensation for any and all benefits he would have received from the date of termination, continuing into the future as long as he continues to fulfill the requirements under the Plan and disability insurance policy.

36. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to pay Plaintiff benefits, he has been damaged in an amount equal to the amount of benefits to which he is entitled under the terms of the Plan and disability insurance policy plus interest, for a total amount to be determined at the time of trial.

37. Defendants unreasonably and wrongfully denied Plaintiff benefits based on unfair claims procedures to support their conclusions that he was not in fact totally disabled, in violation of ERISA.

38. The denial of the benefits is a breach of the Plan and disability insurance policy, in utter disregard of the medical and other evidence in the claim file and unsupported by substantial evidence.

39. To the extent that Aetna can be considered an administrator of the Plan (Plaintiff contends that

Aetna acted as de facto administrator), it is conflicted as it both administers the Plan and disability insurance policy and pays benefits.

40. The extent to which Aetna's claims decisions were infected by its conflict of interest is evidenced by the following:

   a. Aetna failed and refused to make benefit payments to Plaintiff at a time when it knew that he was entitled to said benefits under the terms of the Plan and disability insurance policy, in bad faith and contrary to the Plan and disability insurance policy.

   b, Aetna refused to consider the report of a vocational expert retained by Plaintiff because the expert did not document that plaintiff had to have restroom breaks during the interview;

   c. Aetna failed and refused to consider the sworn testimony of Plaintiff and vocational expert called by the Social Security Administration at the Social Security hearing by disingenuously claiming that it could not access it though the claims handlers employed by Aetna did not make that inability known to Plaintiff or his counsel or ask Plaintiff or his counsel to supply the information in any other format during almost three months that the information was in its possession

   d. Aetna disregarded Plaintiff's treating physicians' assessment of his medical condition and how it restricts and limits him from performing any occupation or gave it little weight without any basis for doing so;

   e. Aetna discounted, disregarded or gave little or no weight to Plaintiff's descriptions of his conditions and how they affect him;

   f. Aetna notified Plaintiff of the existence of an opinion of a medical file reviewer at the same time that it notified him that his appeal was denied and that the record was closed, thus denying him the right to comment on the evidence, in violation and contravention of his statutorily guaranteed right to a full and fair review;

   g. Aetna relied exclusively on the reports of the medical records reviewers with whom Aetna has long standing relationships and who receive a substantial amount of money from Aetna, and who did not examine Plaintiff themselves, as a basis for denying his claim;

   h. Aetna failed to conduct an appropriate vocational assessment of Plaintiff prior to denying his benefits and failed to accord any weight to two favorable reports that were made available to it; and

   i. Contrary to clear, compelling and substantial medical evidence, Defendants

        wrongfully terminated Plaintiff's total disability benefits, denied Plaintiff's appeal, and has wrongfully maintained that denial to this date.

41. As a direct and proximate result of the conduct alleged herein, Plaintiff has been damaged in an amount equal to the amount of benefits he would have received had Defendants paid his benefits.

42. Plaintiff has been forced to bring the instant action as a direct result of Defendants' unlawful denial and violations of the Plan and disability insurance policy and ERISA.

43. As a direct result of Defendants' acts, actions and activities, Plaintiff has incurred costs and attorney fees in the prosecution of this action.

44. Plaintiff is entitled to recover his attorney fees and costs incurred in prosecution of the instant action, including prejudgment interest, pursuant to 29 U.S.C. § 1 132(g), ERISA § 502(g).

45. Plaintiff is also entitled to an order of this Honorable Court directed to the Defendants, commanding them to continue the payment of disability benefits to Plaintiff for so long as his disability continues.

46. Plaintiff is also entitled to engage in full discovery in this as in any other case.

47. In the alternative, and only in the alternative that this Honorable Court determines that review should be pursuant to the abuse of discretion standard, then Plaintiff is entitled to discovery directed to the conflict of interest and the extent to which it affected the decisions in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That this matter be Remanded to Aetna and that Aetna be ordered to fairly consider the vocational report attached hereto, and render a new decision on Mr. Free's disability within 45

days of the Remand Order

2. That the Court retain jurisdiction of this matter while it is on remand;

3. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 1 132(g), and all costs incurred in this action.

Alternatively, Plaintiff prays:

4. For a judicial declaration that he is disabled within the meaning of the policy and declaring him to be entitled to continued disability insurance benefits from June 5, 2018 for as long as his disability prevents him form engaging in any gainful employment,

5. For an Order directing Defendants to reinstate Plaintiff' long term disability benefits with interest on each past due payment until paid;

6. For an Order declaring that Plaintiff is to continue to receive disability benefits in the future for as long as he continues to qualify for benefits pursuant to the terms of the disability insurance policy.

7. For an award of prejudgment interest on past due benefits from the date each benefit became due until paid, using an interest rate that is equal to the return on investment that Liberty enjoyed during the time benefits were wrongfully withheld.

8. For an Order allowing discovery and ordering the parties to confer to draft a discovery plan; and

9. For such other and further relief as the Court deems appropriate.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to LR 11.2, William T. Allison, LSBA Bar Roll No 2420, is designated as trial counsel.

s/ William T. Allison
WILLIAM T. ALLISON
LSBA Roll No. 2420
910 Pierremont Rd. Suite 410
PO Box 44560
Shreveport LA 71134-4560
Telephone: (318) 734-0235
Facsimile: (318) 935-0696
Email: bill@allisonlaw.com
ATTORNEY FOR PLAINTIFF
